## Amadee Spadone *v.* Cyrus Manvel.

A principal cannot be charged, by a notice to his agent, of a transaction had between the latter and a third person, unless the transaction in question was within the scope of the agent's authority; and whether or not the transaction was within the scope of the agent's authority is a question of fact for the jury upon conflicting evidence.

Hence, in a case where there is no proof of express notice to the principal, it is error for the court to submit to the jury the question of the principal's knowledge of the transaction, without, at the same time, instructing them that, unless they find that the agent had acted in the transaction within the scope of his authority, the agent's knowledge was not the knowledge of the principal, and the notice he had of his own acts was not notice to his principal.

Where there is no evidence upon which even a presumption arises which would justify a jury in finding that the defendant had ratified the act of his agent, it is error for the court to submit to the jury whether or not there was any ratification.

The mere fact that a transaction between defendant's agent and a third person was entered in books kept by the agent, raises, at most, only a presumption of notice to the defendant.

APPEAL by the defendant from a judgment of the Marine Court at general term.

This action was brought to recover the value of two watches, alleged to have been sold to defendant, through Bray & Dauchy his agents.

It appeared, on the trial, that the defendant was a manufacturer of silver-plated ware, and that he owned the stock of goods, at No. 41 Maiden Lane, and that Bray & Dauchy, who carried on business there, were authorized by defendant to sell the stock of goods and to replenish the stock as far as was necessary to sell off his goods, but they were not authorized to buy jewelry or watches, such goods not being kept for sale or bought by that store. The watches in question were delivered by the plaintiff at No. 41 Maiden Lane, to go with a line of silver-plated goods, which Bray & Dauchy were to send to South America " on consignment " through one Clark. Bray & Dauchy credited the plaintiff and debited Clark with the

price of the watches in their books. The defendant never inspected these books and had no supervision over them, but settled his accounts with his agents, by means of accounts rendered by them to him, and knew nothing of the transaction till the commencement of the action. Clark sold the watches. but never remitted the proceeds to Bray & Dauchy, or to the defendant, but gave a note for part of the price of the whole shipment which is still unpaid. At the time of the delivery of the watches and until long afterward, the plaintiff did not know that Bray & Dauchy were agents for or in any wise connected with the defendant.

The exceptions to the charge of the justice before whom the case was tried are stated in the opinion of the court. The jury found a verdict for the plaintiff, which was affirmed by the general term of the Marine Court. The defendant appealed to this court.

*Samuel Jones,* for appellant.

*G. R. and T. D. Pelton,* for respondent.

By the Court.—Cardozo, J.—I have been unable to find any evidence to justify the charge of the justice, that if the jury found that by the acts of the defendant he had recognized and ratified the sale of the goods to Bray & Dauchy, as his. agents, the plaintiff would be entitled to recover. If I am correct in saying that there was no evidence from which the jury had a right to find any such recognition or ratification, then it follows that the judgment must be reversed, because it is impossible to say that the jury did not render their verdict upon this ground, especially when the justice being asked to charge "that there was no evidence of any consent to or ratification of the transaction in question by the defendant," refused so to instruct the jury. The jury were, therefore, very plainly told, not only that ratification by the defendant would entitle the plaintiff to recover, which, as an abstract proposition, was undoubtedly true, but that there was evidence from which they might properly find such ratification.

The grounds upon which the plaintiff claims that the jury might find a ratification are twofold : first, that this transaction was entered in the books kept by the defendant's agents, and that therefore he must be presumed to have had notice of the entry, and to have acquiesced in it by not disavowing it; and secondly, that he has adopted the act by accepting the proceeds.

As to the first ground:

If it be sustainable at all, it must be because the presumption of knowledge cannot be rebutted; for certainly, in this case, not only is the supposed legal presumption unsustained, as being true in fact, but it is fully denied and disproved by the evidence. Indeed, it was hardly pretended, on the argument, that the defendant had any express notice of the entry; but it was urged that notice to Bray & Dauchy was notice to the defendant, and *Allen* v. *Coit* (6 Hill, 318) was cited to sustain the proposition.

It is not necessary to dispute the authority of that case when the facts presented by it are carefully examined.

Notice to the agent, *when acting within the scope of his authority*, is undoubtedly notice to his principal, but the difficulty here is that it was a question of fact for the jury, upon conflicting evidence, whether the agents, in the transaction in question, had not exceeded their authority. If the jury found that they had, then notice to them in that behalf did not affect in any way the defendant in this case (see *Weiser* v. *Denison*, 10 N. Y. 68), and so the jury should have been instructed; and they should have been told that unless they found that Bray & Dauchy, in the transaction, had acted within the scope of their authority, their knowledge was not the knowledge of the defendant, and the notice which they had of their act was not notice to him.

It can only be contended that the entry of the transaction in the books kept by Bray & Dauchy was notice to the defendant (in the absence of proof that he examined the books) upon the theory that they were his agents, and that the books were kept in the business of the agency.

But if, and as far as, they exceeded their power, they were

not his agents, and the entries which they made in the books as to such unauthorized transactions were not notice to the defendant.

In *Weiser* v. *Denison*, above cited, Judge Allen says .(page 77) : " The principle that notice to an agent is notice to the principal is quite familiar, but is only applicable to cases in which the agent is acting in the course of his employment. Were it otherwise, and did it extend to acts unauthorized and outside of the employment, whether trespasses or even felonies, the master might be made responsible for all acts, whether tortious or otherwise, done by the servant while in his employ or acting professedly in his behalf, if he did not act at once by disclaiming the authority. *The servant would necessarily have knowledge of his own wrongful act, and within the rule sought to be applied the knowledge of the servant would be that of the master ; and if the latter, having knowledge, should not object, he might be deemed to acquiesce.* He would thus, by a legal fiction, be charged with the tortious, fraudulent, or even felonious, act of the servant. This is not the law."

*Secondly.* The other ground has no basis in fact. The proof fails to show that a single note given by Clark ever reached the possession of the defendant, and, on examination of the entries, put in evidence by the plaintiff, it is plain enough that no money has ever been realized upon them by any body.

I think it follows that there was no evidence upon which even a presumption arises which would justify the jury in finding that the defendant ratified the act of Bray & Dauchy, in case it was in excess of their power ; and that the jury having been misdirected in this particular, the judgment should be reversed.